UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MELIKE DEWEY, | ) | No. CV 2:12-09493-VBF (PLA) |
| Plaintiff, | ) ) ) | ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION |
| v. | ) ) | OF UNITED STATES MAGISTRATE JUDGE |
| ADAMS, serial number 34837, in his individual capacity, and THOMPSON, serial number 40611, in his individual capacity, | ) ) ) ) ) | DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| | ) ) ) | GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION FOR |
| Defendants. | ) | SUMMARY JUDGMENT |

### INTRODUCTION

On March 13, 2014, the Magistrate Judge issued a Report and Recommendation in this action, recommending that defendants' motion for summary judgment be granted in part and denied in part, and that plaintiff's motion for summary judgment be denied. On April 1, 2014, plaintiff filed the following documents: (a) "Plaintiff's Opposition to Magistrate Judge Paul L. Abrams [sic] Report and Recommendation" (Docket No. 80); (b) "Plaintiff's Opposition to Magistrate Judge Paul L. Abrams [sic] Report and Recommendation, Part 2, Exhibits A-E" (Docket No. 81); and © "Memorandum of Points and Authorities in Objection to Magistrate Judge

Abrams's Report and Recommendation" (Docket No. 82). Together, the Court construes the filings as plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("R&R").

## DISCUSSION

Initially, the Court notes that most of plaintiff's "Exhibits" filed in connection with her Objections have previously been filed herein and have been considered by the Magistrate Judge in connection with the parties' Motions. Plaintiff's Exhibit A was previously filed as Docket No. 74, Exhibit B was previously filed as Docket No. 73, Exhibit C was previously filed as Docket No. 72, and Exhibit D was previously filed as plaintiff's Reply, Docket No. 77 (with attached exhibits). Plaintiff's Exhibit E consists of copies of records of a state court action in which judgment was entered in favor of plaintiff's son, Robert Amjarv. (See Docket No. 81 at 91-94). Plaintiff was not a party to the state court action, and the judgment therein was entered on March 26, 2013. Accordingly, plaintiff's Exhibit E is not relevant to the incident at issue herein, which occurred on November 8, 2011.

The Court further notes that plaintiff is incorrect in asserting that her "evidentiary objections" remain "unresolved." (See Docket No. 80 at 1-2). In the R&R, the Magistrate Judge ruled on all of plaintiff's evidentiary issues. Further, plaintiff is incorrect in objecting that the Magistrate Judge ignored her "Reply." (Docket No. 80 at 2). The Magistrate Judge fully considered plaintiff's Reply and cited to it multiple times in the R&R.

In addition, while plaintiff objects that the R&R "is in contradiction to the laws of the State of California and to the laws of the United States of America" and that the Magistrate Judge "is bias [sic] and discriminatory while stating irrelevant information about plaintiff's filing status" (Docket No. 80 at 1, 6), plaintiff fails to set forth any factual basis to support these conclusory objections.

Plaintiff argues in her Objections that the "case is about excessive force used by defendants in an unlawful arrest" (Docket No. 80 at 2), but plaintiff's Complaint raised no claims concerning the lawfulness of her arrest. Plaintiff also raises irrelevant contentions concerning state court actions that have no relation to her claims raised herein, including that an unspecified city attorney adapted an "illegal unlawful detainer action" (id.), that her former landlord "is

conducting his illegal business" (id. at 3), and that the landlord is filing "illegal unlawful detainer actions" (id.). Plaintiff further objects that the R&R never "mentioned the meritorious court rulings" against her former landlord, but plaintiff fails to explain how those state court actions are relevant to her claims or the Magistrate Judge's recommendations herein. (Id. at 6-7). Further, plaintiff confusingly objects that the R&R is based on "illegal activity," and raises new allegations concerning the circumstances of her arrest (Docket No. 80 at 3-7), but none of these issues is relevant to the claims that plaintiff raised in her Complaint. (See R&R at 5).

  Plaintiff also raises general objections that "there are no triable issues of fact" on her excessive force claim. (Docket No. 82 at 1-2). Plaintiff contends that her Statement "provides the uncontroverted facts in this case" (id. at 9) and that she is entitled to summary judgment on her excessive force claim because "[t]he use of force was the maximum," plaintiff "was not an immediate threat" or resisting, and she was being arrested for a "relatively minor offense" (id. at 19-23). But she fails to address the Magistrate Judge's finding that the undisputed evidence does not establish that plaintiff is entitled to judgment as a matter of law on her claims of excessive force. The Magistrate Judge's finding that the amount of force **may** have been unreasonable under the circumstances does not resolve the question of whether a jury, after weighing the credibility of the witnesses, would find that the force was unreasonable in light of the specific facts of this case. (See R&R at 19). In addition, plaintiff sets forth a narrative of "Facts" in her Objections without reference to any evidence, the undisputed facts put forth by the parties in connection with their Motions, or the R&R. (See Docket No. 82 at 4-5). Accordingly, this narrative is insufficient to either create or refute any genuine dispute in the facts as set forth in the R&R.

  In addition, plaintiff objects that the "allegations and evidence presented demonstrates there are no issues of triable fact and plaintiff should be granted summary judgment" on her conspiracy claim. (Docket No. 82 at 23-24). Once again, plaintiff fails to address the finding that she failed to introduce any evidence that defendants shared a common objective or had an agreement or meeting of the minds to violate her constitutional rights. The only evidentiary support for her conspiracy claim that plaintiff even argues herein is that "defendants' [sic] agreed

1 and decided not to assist plaintiff by loosening the handcuffs" during her arrest and "told her the
2 handcuffs were meant to hurt." (Id. at 24-26).  Plaintiff is not entitled to summary judgment as a
3 matter of law unless she has introduced sufficient evidence on which a reasonable jury could find
4 in her favor.  Here, plaintiff's bare assertion of a "conspiracy" to not loosen her handcuffs is
5 altogether insufficient to raise even a plausible inference that defendants took "some concerted
6 action" that was "intended to accomplish some unlawful objective for the purpose of harming
7 [plaintiff]."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999).

8       Accordingly, after full consideration of the arguments and allegations in plaintiff's
9 Objections, the Court concludes as follows:

10 /
11 /
12 /
13 /
14 /
15 /
16 /
17 /
18 /
19 /
20 /
21 /
22 /
23 /
24 /
25 /
26 /
27 /
28 /

**CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and plaintiff's Objections thereto. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Plaintiff's Motion for Summary Judgment is denied.

3. Defendants' Motion for Summary Judgment is granted with respect to all of plaintiff's claims apart from her claims of the excessive use of force during her arrest.

4. Defendants' Motion for Summary Judgment is denied with respect to plaintiff's claims arising from the excessive use of force during her arrest.

5. The clerk shall serve this order on all counsel or parties of record.

DATED: July 9, 2014

_____
HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

5